**JOSHUA L. DRATEL**
Admitted *Pro Hac Vice*
**ALICE L. FONTIER**
California State Bar No.229994
DRATEL & MYSLIWIEC, P.C.
2 Wall Street, 3rd Floor
New York, New York 10005
Telephone:  (212) 732-0707

Attorneys for Basaaly Moalin

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER )**

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | Case No. 10-CR-4246 (JM) |
| )| |
| Plaintiff,     ) | |
| )| |
| v.                            ) | REPLY MEMORANDUM IN |
| )| SUPPORT OF MOTION TO |
| BASAALY MOALIN, *et. al.*      ) | DENY THE GOVERNMENT'S |
| )| REQUEST TO FILE ITS CIPA § 4 |
| Defendant.     ) | APPLICATION *EX PARTE* |

**Introduction**

       This Reply Memorandum of Law is submitted in response to the government's March 23, 2012 Memorandum of Law in Opposition to defendants' request that the Court deny the government's request to file *ex parte* its application pursuant to §4 of the Classified Information Procedures Act (hereinafter "CIPA"), 18 U.S.C. App. III, and compel disclosure thereof to cleared defense counsel.

       This Reply remains in a factual vacuum, as the government has not disclosed any facts in its Memo of Law in Opposition (hereinafter "Gov't Opp. Memo").  As a result, there is not much to which defendants can reply.  In addition, much of the government's legal arguments were anticipated, and addressed, in defendants' initial motion papers.

**ARGUMENT**

**THE COURT SHOULD DENY THE GOVERNMENT'S
REQUEST TO FILE ITS CIPA §4 SUBMISSION
*EX PARTE*, AND SHOULD COMPEL DISCLOSURE
THEREOF TO CLEARED DEFENSE COUNSEL HEREIN**

Only several points need to be made in reply to the government's opposition:

1.      Notwithstanding the case law cited by the government to the effect that CIPA §4 submissions have uniformly been filed *ex parte*, in fact §4 is only *permissive* in that regard.  The plain language of §4, undisputed by the government, grants the Court discretion to order disclosure of the government's §4 submission(s).  Indeed, §4 does not prescribe any threshold standard that need be satisfied before disclosure is ordered.  Thus, unlike FISA, under 50 U.S.C. §1806(f) and §1806(g), respectively, CIPA §4 does not require that disclosure be limited to those situations in which "disclosure is necessary to make an accurate determination of the legality of the surveillance" or "except to the extent that due process requires discovery or disclosure."  While those two criteria certainly weigh heavily in favor of disclosure, and are present here – and any §4 determination must conform with due process as a matter of  constitutional jurisprudence – even without them disclosure is permitted.  Here, the government has not articulated any case-specific reason why disclosure should not be required.

2.      The government's repeated reference to a "need to know" standard begs the question because how is the Court to decide whether defense counsel "need to know" unless they participate in the review process?  While defendants availed themselves of the opportunity, granted by the Court, to file a memorandum *ex parte* informing the Court of defense positions, it is respectfully submitted, as defendants maintained in that memorandum, that such a submission is not an adequate substitute for defense counsel's review of the materials.

In addition, CIPA was designed *not* to alter traditional discovery rules, *see, e.g.*, *United States v. Libby*, 429 F. Supp. 2d 1, 7 (D.D.C. 2006) ("[CIPA] creates no new rights or limits on discovery of a specific area of classified information . . . [,] it contemplates an application of the general law of discovery in criminal cases to the classified information based on the sensitive nature of the classified information"),

1 | *quoting United States v. Yunis*, 867 F.2d 617, 621 (D.C. Cir. 1989),[1] which do not incorporate any "need

2 | to know" standard.  In the Rule 16, Fed.R.Crim.P., context, materials are either discoverable, or they are

3 | not.

4 |        Moreover, as the Seventh Circuit noted in *United States v. Dumeisi*,424 F.3d 566 (7th Cir. 2005),

5 | CIPA's fundamental purpose is to "protect and restrict the discovery of classified information in a way that

6 | does not impair the defendant's right to a fair trial." *Id.*, at 578, *quoting United States v. O'Hara*, 301 F.3d

7 | 563, 569 (7th Cir.2002).  *See also generally, United States v. Moussouai*, 365 F.3d 292 (4th Cir. 2004),

8 | *reh'g granted*, 382 F.3d 453 (4th Cir. 2004);  *United States v. Cardoen*, 898 F. Supp. 1563, 1571 (S.D.

9 | Fla. 1995);  *United States v. Anderson*, 872 F.2d 1508, 1519 (11th Cir. 1989);  *United States v. Abu*

10 | *Marzook*, 412 F. Supp. 2d 913, 918 (N.D. Ill. 2006);  *United States v. Paracha*, No. 03 CR. 1197(SHS),

11 | 2006 WL 12768, at *10 (S.D.N.Y. Jan. 3, 2006);  *United States v. Poindexter*, 698 F. Supp. 316, 320

12 | (D.D.C. 1988).

13 |        Indeed, explicit in CIPA's legislative history is the admonition that "the defendant should not stand

14 | in a worse position, because of the fact that classified information is involved, than he would without this

15 | Act."  S. Rep. No. 96-823, at 9 (1980), *as reprinted in* 1980 U.S.C.C.A.N. 4302;  *see also Poindexter*, 698

16 | F. Supp. at 320.

17 |        Consequently, as the Fourth Circuit pointed out in *United States v. Fernandez*, 913 F.2d 148 (4th

18 | Cir. 1990), "[a]lthough CIPA contemplates that the use of classified information be streamlined, courts

19 | must not be remiss in protecting a defendant's right to a full and meaningful presentation of his claim to

20 | innocence." *Id.*, at 154.  Consistent with that mandate, CIPA also does not diminish the government's

21 | obligation to provide exculpatory material to the defendant in compliance with *Brady v. Maryland*, 373

22 | U.S. 83 (1963).  *See also United States v. Moussaoui*, No. CR. 01-455-A, 2003 WL 21263699, at *4 (E.D.

23 | Va. Mar. 10, 2003) (holding that *Brady* principles apply in the CIPA context, including information

24 | negating guilt as well as that affecting a potential sentence).

25 |        3.        Regarding the government's contention that defense counsel's possession of the

---

27 |        [1] Nor does CIPA change or supplant the Federal Rules of Evidence.  *See, e.g., United*
28 | *States v. Baptista Rodriguez*, 17 F.3d 1354, 1363-1364 (11th Cir. 1994); *United States v. Smith*, 750 F.2d 1215, 1217 (4th Cir. 1984), *rev'd on other grounds*, 780 F.2d 1102 (4th Cir. 1985) (en banc);  *Yunis*, 867 F.2d at 621-22.

1  requisite security clearance(s) is not a factor to be considered, the government again fails to present any

2  case-specific argument why defense counsel's clearance to review the §4 materials does not, coupled with

3  §4's explicit language permitting disclosure, provide ample basis for ordering disclosure in this case.  The

4  government's arguments in the abstract are simply insufficient.

5         4.      In its Memo in Opposition, at 11, the government misstates the appropriate legal

6  standard with respect to information within its §4 application that is "both relevant and helpful" to the

7  defense.  While national security interests are balanced against a defendant's need for the materials when

8  ordinary discovery materials (covered by Rule 16) are at issue, *see United States v. Sarkissian*, 841 F.2d

9  959, 965 (9th Cir. 1988) (other citation omitted), such balancing is *not* performed when exculpatory

10  material is at issue.  Thus, when the government claims that any "balancing" should be conducted with

11  respect to material that is "relevant and helpful" to the defense, it is plainly wrong, as *Sarkissian* and the

12  other cases cited relate to Rule 16-type materials *only*, and *not* to exculpatory material, the disclosure of

13  which is mandated by due process.  *See, e.g., Connick v. Thompson*, 131 S. Ct. 1350, __ U.S. ___  (2011)

14  .  In fact, as set forth **ante**, at item 2, CIPA does not reduce or redefine the government's disclosure

15  obligations under *Brady*.

16         5.      The government's claim that its legal arguments in its *ex parte* §4 submission

17  cannot be separated from its factual recitation is specious.  It is the government that chose to make them

18  "inextricably intertwined."  There is not requirement that such be the case.  Indeed, defendants presented

19  their *ex parte* factual submission entirely separate from their legal arguments with respect to §4 (Docket #

20  132).  The government has not provided any legitimate reason why it cannot do the same.

21  **Conclusion**

22       For all the reasons set forth above, and all other papers filed previously in this case, it is

23  respectfully submitted that the Court should review and evaluate the classified materials provided by the

24  government pursuant to CIPA §4 in light of the information provided above, and order disclosure of all

25  such material that is helpful or material to the defense in order to ensure that defendants receive a fair trial.

26

27

28

| | |
|---|---|
| 1 | Respectfully submitted, |
| 2 | S/ Joshua L. Dratel |
| 3 | DATED:      March 30, 2011 |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |

Respectfully submitted,

S/ Joshua L. Dratel

DATED:      March 30, 2011      **JOSHUA L. DRATEL**
**ALICE L. FONTIER**
DRATEL & MYSLIWIEC, P.C.
2 Wall Street, 3rd Floor
New York, New York 10005

*Attorneys for Basaaly Moalin*

S/ Linda Moreno
**LINDA MORENO**
Linda Moreno, P.A.
PO Box 10985
Tampa, FL 33679

*Attorney for Mohamed Mohamed Mohamud*

S/ Ahmed Ghappour
**AHMED GHAPPOUR**
The Law Offices of Ahmed Ghappour
PO Box 20367
Seattle, WA 98102

*Attorney for Issa Doreh*

S/ Thomas Durkin
**THOMAS A. DURKIN**
Durkin & Roberts
Attorneys and Counselors
2446 North Clark Street
Chicago, Illinois 60614

*Attorney for Ahmed Nasir Taalil Mohamud*