LAURA E. DUFFY
United States Attorney
WILLIAM P. COLE
CAROLINE P. HAN
Assistant United States Attorney
Cal. State Bar No. 186772/250301
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-6762
Email: William.P.Cole@usdoj.gov
       Caroline.Han@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER)**

| UNITED STATES OF AMERICA, | ) Criminal Case No. 10CR4246-JM |
|---|---|
| Plaintiff, | ) |
| v. | ) **SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO DENY THE GOVERNMENT'S REQUEST TO FILE ITS CIPA § 4 APPLICATION *EX PARTE* AND COMPEL DISCLOSURE OF THE CIPA § 4 APPLICATION TO CLEARED DEFENSE COUNSEL** |
| BASAALY MOALIN et al., | ) |
| Defendants. | ) |

On March 9, 2012, defendants filed a joint motion opposing the government's request to file its application under Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III, *ex parte*. [Docket No. 132.][1] In their supporting memorandum, defendants asked this Court to impose certain procedural requirements. Specifically, they claimed that the government should have "lodge[d]" an assertion of the "state secrets" privilege through "the head of the department which has control over the matter, after actual personal consideration by that officer" when the government

/ /

---

[1] The government filed its response in opposition on March 23, 2012. [Docket No. 138.] As explained hereafter, the government submits this supplemental brief with respect to one procedural issue raised in defendants' joint motion.

filed its CIPA Section 4 Motion. [Statement of Facts and Mem. of P.&A. in Supp. of Joint Mot. at 2, Docket No. 132-1 (citation omitted).]

Defendants' request should be denied. The procedures proposed by the defendants are not required by CIPA, and the privilege the government relies on to protect classified information in a federal criminal case is not the state secrets privilege. In CIPA proceedings, the government relies on the classified information privilege, which has also been referred to by the federal courts as a national security privilege. *See, e.g., United States v. El-Mezain*, 664 F.3d 467, 520 (5th Cir. 2011) (discussing classified information privilege), *petitions for cert. pending*, Nos. 11-1390 and 11-10437 (May 17, 2012); *United States v. Abu Ali*, 528 F.3d 210, 247 (4th Cir. 2008) (same); *United States v. Yunis*, 867 F.2d 617, 622-23 (D.C. Cir. 1987) (same). Unlike the assertion of the state secrets privilege in a civil case, the government's claim of privilege in a federal criminal case is governed by CIPA, which is a comprehensive procedural framework that provides a step-by-step approach to handling classified information in criminal proceedings. CIPA does not require a certification lodged by the head of the department with control over the information at issue in the case.

Under CIPA, Section 4 addresses discovery and allows a court, "upon a sufficient showing," to "delete specified items of classified information from documents to be made available to the defendant through discovery," or to substitute a summary or statement of relevant facts. *See also* Fed. R. Crim. P. 16(d)(1) (permitting restrictions on discovery for "good cause"). The government may request such authorization in an *ex parte* pleading. As a matter of custom and practice, courts routinely find that the government has met its burden to make a "sufficient showing" regarding the classified materials through the submission of a declaration from an official with original classification authority, and do not require that the official hold a particular rank or title within that organization.

Defendants rely on the Second Circuit's decision in *United States v. Aref*, 533 F.3d 72 (2d Cir. 2008), to suggest that the government must assert the state secrets

2

privilege in any CIPA filings submitted to the Court during the discovery phase of this criminal case, and must utilize the special procedures that have been established for invoking that privilege. In *Aref*, the court held that the applicable privilege under CIPA is the state secrets privilege, *id.* at 78-79, and that the privilege must be invoked using the procedures described in the civil case *United States v. Reynolds*, 345 U.S. 1 (1953); that is, that there must be a claim by the "head of the department which has control over the matter, after actual personal consideration by that officer." *Aref*, 533 F.3d at 80 (quoting *Reynolds*, 345 U.S. at 8).

*Aref* is not governing law in the Ninth Circuit, and the government submits that, with regard to the propositions for which the defendant cites it, *Aref* was wrongly decided. As explained above, the applicable privilege in a criminal case is the classified information privilege, and CIPA sets out the procedures to be followed in order to protect classified information in criminal cases.[2] Indeed, the other courts of appeals that have considered *Aref* have rejected both its conclusion that the state secrets privilege must be asserted under CIPA in criminal cases and its adoption of the *Reynolds* requirements when asserting the classified information privilege in criminal cases. *See United States v. Rosen*, 557 F.3d 192, 198 (4th Cir. 2009) (declining to adopt *Aref* rule on *Reynolds* procedures); *El-Mezain*, 664 F.3d at 521-22 (expressing doubt about *Aref*'s holding on the state secrets privilege and declining to remand to require a *Reynolds* certification). This Court should also decline the defendants' invitation to follow the flawed reasoning of *Aref*.

---

[2] The use of different procedures concerning invocation of the state secrets privilege and the classified information privilege is also called for in light of significant differences in the effect and scope of the two privileges. Where properly invoked in civil cases, the state secrets privilege provides an absolute bar to use of the information. It can also result in dismissal of any causes of action in which the secret information is crucial to either the plaintiff or the defendant. *See Reynolds*, 345 U.S. at 11; *Mohamed v. Jeppesen Dataplan, Inc.,* 614 F.3d 1070, 1079 (9th Cir. 2010) (*en banc*). In contrast, the classified information privilege used in criminal cases through CIPA is a qualified privilege, which is subject to judicial review, can be overcome, and does not result in dismissal of the matter. *See, e.g., Abu Ali*, 528 F.3d at 247.

Although there are two older Ninth Circuit cases – *United States v. Sarkissian*, 841 F.2d 959, 966 (9th Cir. 1988), and *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998) – that refer to the "state secrets" privilege in the context of criminal cases, upon close examination, neither supports the relief requested by the defendants here. The *Sarkissian* court did not resolve the question of whether the *Reynolds* procedures apply to an assertion of privilege in a criminal case after the passage of CIPA. Rather, the Ninth Circuit merely stated that it was "assum[ing] *arguendo* that the enactment of CIPA does not affect the validity of *Reynolds*." 841 F.2d at 966. While that statement may be technically accurate (since CIPA and *Reynolds* apply in two separate and distinct arenas and, therefore, do not affect each other's validity), it should not be read to import the *Reynolds* requirements that are applicable in civil cases into the CIPA process used in criminal cases. Indeed, *Reynolds* itself acknowledged that criminal cases are different from civil cases, because in criminal cases, "the Government can invoke its evidentiary privileges only at the price of letting the defendant go free." *Reynolds*, 345 U.S. at 12; *see also* H.R. Rep. No. 96-831, pt. 1, at 15 n.12 (1980) (congressional committee report on CIPA explaining that the "state secrets privilege is not applicable in the criminal arena").

In *Klimavicius-Viloria*, the defendants argued that the material the government sought to withhold under CIPA "was not properly classified and the government did not follow the procedures required under CIPA." 144 F.3d at 1261. The Ninth Circuit merely cited *Sarkissian* and *Reynolds* (incorrectly) for the proposition that the government had to assert a state secrets privilege by lodging a claim "by the head of the department which has actual control over the matter." *Id*. (quoting *Reynolds*, 345 U.S. at 8). Nevertheless, the court concluded that the government's CIPA filing in that case satisfied *Reynolds*, even though there had not actually been a certification by the head of the relevant agency. (The government has examined the declaration submitted in the *Klimavicius-Viloria* case and has confirmed that it was not made by the head of the department, but rather by a subordinate official with original classification authority.)

4

Because the Ninth Circuit in *Klimavicius-Viloria* did not require the *Reynolds* procedures to be followed, and because it did not support its reference to such procedures in a criminal case with more than a citation to *Sarkissian*, which did not resolve the question, the court's statements about a head-of-agency requirement were dicta that cannot be squared with the statutory language of CIPA itself and the reasoning stated in the recent court of appeals decisions rejecting this aspect of *Aref*.

In short, the Court should reject the defendants' request that the government be required to submit a head-of-agency certification with respect to any CIPA filings in this matter because it is not supported by CIPA or any other applicable law. Rather, the Court should adhere to the statutory requirements of CIPA - which do not import from *Reynolds* procedures that apply in civil cases - and permit the government to assert the classified information privilege in any CIPA filings in this case by submitting a declaration by an official with original classification authority.

DATED: June 19, 2012.

                                              Respectfully submitted,
                                              LAURA E. DUFFY
                                              United States Attorney

                                              /s/ William P. Cole
                                              WILLIAM P. COLE
                                              Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BASAALY MOALIN et al., ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 10CR4246-JM <br><br><br> **CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, William P. Cole, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the **SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO DENY THE GOVERNMENT'S REQUEST TO FILE ITS CIPA § 4 APPLICATION *EX PARTE* AND COMPEL DISCLOSURE OF THE CIPA § 4 APPLICATION TO CLEARED DEFENSE COUNSEL**, as counsel for the United States, on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

1. Joshua Dratel
2. Alice Fontier
3. Linda Moreno
4. Ahmed Ghappour
5. Thomas A. Durkin
6. Holly Sullivan

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 19, 2012.

/s/ William P. Cole
WILLIAM P. COLE
Assistant United States Attorney