UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 10cr4246-JM |
| ) | |
| Plaintiff, ) | ORDER DENYING JOINT MOTION |
| v. ) | TO TAKE VIDEO DEPOSITION OF |
| ) | FARAH SHIDANE |
| BASAALY MOALIN et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

Defendants jointly renew their motion to take the video deposition of a potential witness, Farah Shidane, pursuant to Fed.R.Crim.P. 15. The Government opposes the motion. For the reasons set forth below, the court denies the motion.

**BACKGROUND**

The court incorporates its August 22, 2012 Order Denying Joint Motion to Take Rule 15 Depositions ("Order") as if fully set forth herein.[1] (Ct. Dkt. 181). The court supplements that Order with the following.

After the issuance of the Order, the court referred the parties to Magistrate Judge William V.

---

[1] As the court and the parties know, although the initial motion for Rule 15 depositions was denied on the basis of the initial request for the depositions to proceed in Somalia, the court denied the motion without prejudice to reconsideration of the matter assuming certain security conditions were met. In laying out such a "roadmap," the court was confident the depositions could proceed within the parameters ultimately agreed upon. The commitment of Magistrate Judge Gallo was indispensable to this outcome and, of course, the parties are to be commended for the cooperation they demonstrated.

Gallo to discuss the Rule 15 depositions. Following discussions with all parties on August 23, August 30, and September 5, 2012, the parties agreed, and Judge Gallo ordered, the depositions to proceed in Djibouti under his supervision. (Ct. Dkt. 189). The order extended to eight proposed witnesses, including Farah Shidane, a citizen of Djibouti and resident of Somalia as well as an unindicted co-conspirator. The Order for Witness Depositions also provided:

> It is further Ordered that depositions will be taken only of the witnesses who voluntarily present themselves in Djibouti with valid visas on the specified dates. There will not be another opportunity for these witnesses to be deposed. Defense counsel shall notify the witnesses sufficiently in advance of the location and dates of the depositions so that they are able to take the necessary arrangements to obtain visas and travel to Djibouti.

(Ct. Dkt. 189 at p.1:22-26). On September 21, 2012, this court appointed Judge Gallo as special master for purposes of the Rule 15 depositions. (Ct. Dkt. 199). All proposed deponents appeared at the depositions supervised by Judge Gallo except Farah Shidane.

On October 26, 2012, the Defendants jointly moved for an order compelling the Government to provide "safe passage" letters for each of the eight proposed deponents. (Ct. Dkt. 213 at p.2:2-3). On October 29, 2012, Judge Gallo denied the Defendants' joint motion for letters of "safe passage." (Ct. Dkt. 216). Defendants then jointly filed Objections to the order denying "safe passage" for Farah Shidane. In their motion Defendants provided to the court a copy of an email, purportedly from John Cline, counsel for Mr. Shidane. In its entirely, the email states:

> Counsel: I spoke just now at some length with Farah Yare through the London translator. Because the United States government is unwilling to guarantee him safe passage to and from Djibouti, and because the court has declined to order that safe passage be given, Mr. Yare will not come to Djibouti for the deposition.

(Ct. Dkt. 220-2). On November 8, 2012, the court denied Defendants' joint motion for safe passage for Farah Shidane. (Ct. Dkt. 223).

As scheduled, the depositions went forward before Judge Gallo in Djibouti between November 12 and November 15, 2012. Farah Shidane did not appear at the time of his deposition. Defendants now seek to take the videotaped deposition of Farah Shidane. The Government opposes the motion.

## DISCUSSION

In general, Rule 15 provides that the court may grant a request to preserve testimony for trial

"because of exceptional circumstances and in the interest of justice." Fed.R.Crim.P. 15(a)(1). To satisfy Rule 15's "exceptional circumstances" requirement, the moving party generally must demonstrate that the witness will not be available to testify at trial and (2) the witness's testimony is material. See United States v. Jefferson, 594 F.Supp.2d 655, 665 (E.D. Va.2009). For the reasons set forth below, the court denies the motion for the videotaped deposition of Farah Shidane.

### Preliminary Considerations

The court notes that this is not a case where Defendants were denied the opportunity to take Mr. Shidane's deposition. Rather, Mr. Shidane voluntarily chose not to appear at the time of his deposition. There is no evidence before the court to suggest that the Government interfered in any manner with Mr. Shidane's ability to appear at his deposition. As a Djibouti citizen, travel in that country did not require a visa for Mr. Shidane.[2] Moreover, the mere fact that Mr. Shidane is identified as an unindicted co-conspirator in this action does not alter Rule 15's requirements of exceptional circumstances and interests of justice,[3] requirements that Defendants fails to establish.

### Timeliness

For the reasons set forth in this court's August 22, 2012 Order, the request for a video deposition is untimely. (Ct. Dkt. 181). Furthermore, the untimeliness of the request, coming about seven weeks before trial and one week before the filing of the motions in limine, has only increased with the passage of time. Accordingly, the motion is untimely.

### Interests of Justice

Principles of reliability, trustworthiness and fundamental fairness weigh against the videotaped deposition. See Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct., S.D. Iowa, 482 U.S. 522 (1987). As noted in the Order:

> Defendants contend that an oath will be administered by a Somali magistrate and subject to cross-examination by Government counsel. There is no evidence before the

---

[2] The court notes that there is no extradition treaty between the United States and Djibouti. See 18 U.S.C. §3181.

[3] While the focus of this discussion is on Mr. Shidane's failure to appear at his deposition, the more appropriate inquiry under Rule 15 is whether the witness is available for trial, and not whether the witness consented to deposition. For purposes of Rule 15, as set forth in this court's previous order, Shidane is "unavailable."

>court that the methods proposed by Defendants are either reliable or trustworthy. There is no showing that an oath in Somalia has the same meaning as an oath in this country (or one subject to the Hague convention). There is no showing that an oath in Somalia is subject to penalties of perjury and judicial process like those available in the United States. In fact, due to civil unrest in Somalia, there does not appear to be any significant functioning executive or judicial process in Somalia. As noted on the State Department's website, "there is no organized system of criminal justice in Somalia, nor is there any recognized or established authority to administer a uniform application of due process. Enforcement of criminal law is, therefore, haphazard to nonexistent." (Jacobson Decl. ¶10). In sum, this factor or reliability and trustworthiness of the proposed depositions strongly disfavors Rule 15 depositions in Somalia.

(Order at p.10:5-17).

While Defendants cite several authorities for the proposition that a video deposition comports with the Confrontation Clause, e.g. United States v. McKeeve, 131 F.3d 1, 8-9 (1st Cir. 1997) (finding exceptional circumstances to permit videotaped deposition taken before a British magistrate in England): United States v. Medjuck, 156 F.3d 916, 920 (9th Cir. 1998) (finding exceptional circumstances to admit three videotaped depositions taken in Canada); United States v. Sapse, 2011 WL 1576898, *5 (D. Nev. 2011), these authorities do not discuss the reliability and trustworthiness of depositions taken in countries without a functioning executive or judicial process.

In United States v. Banki, 2010 WL 1063452 (S.D.N.Y. March 23, 2010), the defendant sought to take the video depositions of several Iranian citizens, including some United States citizens who were living in Iran. The defendant established extraordinary circumstances (unavailability and materiality of the testimony) but the district court determined that "there is no way to ensure truth-telling as the Government cannot prosecute the witnesses for perjury or for the making of false statements. Without the teeth of the penalty of perjury, the oath becomes nothing more than an empty recital. Thus, the strongest indicator of the reliability of a witness' testimony—the oath—is effectively absent here." Id. at *2. Without the penalty of perjury, the district court noted that "the witnesses are essentially free to say anything without reprisal." Id. at *3.

Here, as in Banki, not only is Mr. Shidane able to provide false testimony without any repercussions, but the Government would be deprived of the ability "to directly observe the witnesses' demeanor, body language, and interactions in order to gauge the truth of their statements." Id. In light of the failure to establish procedures to establish the trustworthiness and reliability of Mr. Shidane's proposed testimony, the court denies the motion.

1  In sum, the court concludes that Defendants fail to establish that it is in the interests of justice
2  to take the video deposition of Mr. Shidane.
3  **IT IS SO ORDERED.**
4  DATED: December 10, 2012

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:	All parties